IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| **AZZEL MICKEY LEE FOSTER**  Plaintiff,  v.  **ARNOLD ANDERSON, BRAD KINTE, AND THE STATE OF IOWA**,  Defendants. | **No. 14-CV-3043-DEO**  **INITIAL REVIEW ORDER** |

_____

### I. INTRODUCTION

This matter is before the Court on Azzel Mickey Lee Foster's (hereinafter Mr. Foster) pro se Application to Proceed In Forma Pauperis and his 42 U.S.C. § 1983 Complaint against Arnold Anderson, Brad Kinte, and the State of Iowa filed July 22, 2014. Docket Nos. 1, 1-1. Mr. Foster is currently an inmate in at the Fort Dodge Correctional Facility.

In his Complaint, Mr. Foster alleges that he has received ineffective medical care while at the Fort Dodge Correctional Facility. Specifically, Mr. Foster alleges that the Defendants gave him incorrect medicine which left him partially blind, that the Defendants are just trying to "drug

me up," that he has untreated migraines, and that the Defendants are slow to respond to his medical needs.

**II. IN FORMA PAUPERIS**

The filing fee for a 42 U.S.C. § 1983 action is $350.00. 28 U.S.C. § 1914(a). In forma pauperis status allows a plaintiff to proceed without incurring filing fees or other court costs. In order to qualify for in forma pauperis status, a plaintiff must provide this Court an affidavit[1] with the following statements: (1) statement of the nature of the action, (2) statement that plaintiff is entitled to redress, (3) statement of the assets plaintiff possesses, and (4) statement that plaintiff is unable to pay filing fees and court costs or give security therefor. 28 U.S.C. § 1915(a)(1).[2] Prisoners must also meet an additional requirement: they must submit a certified copy of their

---

[1] An affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." Black's Law Dictionary (9th ed. 2009), affidavit.

[2] Entitled to redress means that the plaintiff is entitled to relief or is entitled to a judgment in his or her favor.

prisoner trust fund account statement for a 6-month period prior to the filing of the complaint. 28 U.S.C. § 1915(a)(2).

Mr. Foster's Motion to Proceed in Forma Pauperis substantially complies with the requirements laid out above. Accordingly, the Court will allow Mr. Foster's claim to proceed with out the prepayment of filing fees. Although the court deems it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); see also <u>In re Tyler</u>, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the

six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on the documents that the plaintiff submitted, the court finds that the initial partial filing fee is $4.02. Id. The plaintiff shall submit $4.02 by no later than thirty days from the date of this Order. Id. If the Court does not receive payment by this deadline, the instant action shall be dismissed. See Fed.R.Civ.P. 41(b) (permitting dismissal where a plaintiff either fails to prosecute or fails to respond to an order of the court); Hutchins v. A.G. Edwards & Sons, Inc., 116 F.3d 1256, 1259-60 (8th Cir. 1997) (explaining court's power to dismiss an action); Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 779-80 (8th Cir. 1995) (same), abrogated on other grounds by Doe v. Cassel, 403 F.3d 986, 989 (8th Cir. 2005). If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the

prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. Id. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

**Therefore, Plaintiff's Pro Se Motion for Leave to Proceed in Forma Pauperis is granted. The Clerk of Court shall file Plaintiff's Complaint forthwith without prepayment of a filing fee. The Clerk of Court shall also deliver a copy of this Order and the filed complaint to Fort Dodge Correctional Facility care of the Plaintiff. The Clerk of Court shall also**

5

**deliver, by certified mail, copies of this Order and attached waiver of service of summons, along with copies of the Complaint to each of the named Defendants, and to the Iowa Attorney General. The Clerk of Court shall access any applicable fees to the Plaintiff in accordance with 28 U.S.C. § 1915(b)**.

However, once any portion of a filing fee is waived, a court must dismiss the case if a Plaintiff's allegations of poverty prove untrue or the action in question turns out to be frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

**III. 42 U.S.C. § 1983 INITIAL REVIEW STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Pro se complaints, no matter how "inartfully pleaded are held to less stringent standards than formal pleadings as drafted by a lawyer." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal citations omitted).

Although it is a long-standing maxim that a complaint's factual allegations are to be accepted as true at the early

6

stages of a proceeding, this does not require that a court must entertain any complaint no matter how implausible. The facts pled "must [still] be enough to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, the claim to relief must be "plausible on its face." Id. at 570. A claim is only plausible if a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Where the complaint does "not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' - that the pleader is entitled to relief." Id. at 1950 (citing Fed. Rule Civ. Proc. 8(a)(2)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 1949.

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

## IV. ISSUE

In his Complaint, Mr. Foster alleges he has received deficient medical treatment.

## V. ANALYSIS

### A. Deliberate Indifference

In his Complaint, Docket No. 1, Att. 1, Mr. Foster alleges that the Defendants gave him incorrect medicine which left him partially blind, that the Defendants are just trying to "drug me up," that he has untreated migraines, and that the Defendants are slow to respond to his medical needs.

As the Courts have repeatedly stated:

> [t]he Eighth Amendment prohibits the infliction of cruel and unusual punishment. "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993). To prevail on an Eighth Amendment claim for deprivation of medical care, an inmate must show that the prison official was deliberately indifferent to the inmate's serious medical needs. Coleman v. Rahija, 114 F.3d 778,

> 784 (8th Cir. 1997). This requires a two-part showing that (1) the inmate suffered from an objectively serious medical need, and (2) the prison official knew of the need yet deliberately disregarded it. Id.; see also Farmer v. Brennan, 511 U.S. 825, 837 (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). A serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995). A medical need that would be obvious to a layperson makes verifying medical evidence unnecessary. Hartsfield v. Colburn, 371 F.3d 454, 457 (8th Cir. 2004).

Schaub v. VonWald, 638 F.3d 905, 914 (8th Cir. 2011).

Mr. Foster's pro se Complaint amounts to an allegation that the Defendants have been deliberately indifferent. Accepting Mr. Foster's allegations as true, it is clear he has alleged a violation that may be actionable under 42 U.S.C. § 1983. His claim will be allowed to proceed past the initial review stage, except as discussed below.

**B. State of Iowa**

In his Complaint, Mr. Foster named the State of Iowa as a Defendant. 42 U.S.C. § 1983 specifically provides for a federal cause of action against a "person" who, under color of

9

state law, violates another's federal rights. In <u>Will v. Michigan Dept. of State Police</u>, the Supreme Court ruled "that a State is not a person within the meaning of § 1983." 491 U.S. 58, 63 (1989). Therefore, Mr. Foster's § 1983 Complaint cannot proceed against the State of Iowa because the State is not a "person" under the law. **Accordingly, the State of Iowa must be dismissed from this case**.

## VI. APPOINTMENT OF COUNSEL

Mr. Foster did not file a Motion for Appointment of Counsel in this case. However, in his Complaint, he request monetary damages so he can afford to pay for an attorney. Docket No. 1, Att. 1, p. 4. Under 28 U.S.C. §1915(e)(1) "[t]he court may request an attorney to represent any person unable to afford counsel." As discussed above, the Court is granting Mr. Foster's application to proceed in forma pauperis. It is clear that he does not have the funds to afford counsel. **Accordingly, the Court will appoint counsel to represent Mr. Foster in this case**.

**Appointed Counsel will have 45 days from the date of this order to file and serve an Amended Complaint setting out Mr. Foster's legally viable claims**.

VII. CONCLUSION

Plaintiff's pro se Motion for Leave to Proceed In Forma Pauperis, Docket No. 1, is **granted**. Plaintiff's pro se Complaint shall be filed by the Clerk and allowed to proceed past the initial review stage. However, the State of Iowa must be dismissed as a Defendant. Finally, the Court is persuaded that counsel should be appointed to represent Mr. Foster in this case. **The Court hereby appoints an attorney Hannah Vellinga under Library Fund Administrative Order No. 14-AO-0007. After consulting with the Plaintiff regarding the nature of the alleged claim, appointed counsel will file and serve an Amended Complaint specifically setting out the Plaintiff's legally viable claims within 45 days.**

**IT IS SO ORDERED** this 31st day of October, 2014.

_Donald E. O'Brien_
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

# NOTICE OF LAWSUIT
## and REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

<u>TO THE NAMED DEFENDANT(S) IN THE FOLLOWING CAPTIONED ACTION:</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| **AZZEL MICKEY LEE FOSTER,** | |
| Plaintiff, | No. 14-CV-3043-DEO |
| v. | |
| **ARNOLD ANDERSON, BRAD KINTE,** | |
| Defendants. | |

     A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint and a copy of the corresponding order from this Court are attached. This complaint has been filed in the United States District Court for the Northern District of Iowa.

     Pursuant to Rule 4 of the Federal Rules of Civil Procedure, you have an obligation to cooperate in saving unnecessary costs of service of summons and complaint. Please sign the enclosed document where appropriate acknowledging receipt of the complaint and notice of this pending lawsuit and waiving formal service of summons. After signing the enclosed document, please return it to the United States Clerk's Office in the envelope provided within thirty (30) days of this date: __10/31/14__.

     I affirm that this notice and request for waiver of service of summons is being sent to you on behalf of the plaintiff, this __October 31__, 2014.

                                                      /s/ djs, Deputy Clerk
                                                      Signature (Clerk's Office Official)
                                                          Northern District of Iowa

# ACKNOWLEDGMENT OF RECEIPT OF
# NOTICE OF LAWSUIT,
# and WAIVER OF SERVICE OF SUMMONS

(**Return **this** document within thirty days after ___10/31/14___, to the United States Clerk's Office in the envelope provided.)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| **AZZEL MICKEY LEE FOSTER,** | |
| Plaintiff, | No. 14-CV-3043-DEO |
| v. | |
| **ARNOLD ANDERSON and BRAD KINTE,** | |
| Defendants. | |

_____

    I acknowledge receipt of the complaint and notice of the lawsuit in which I (or the entity on whose behalf I am addressed) have been named a defendant. I have received and/or read the complaint accompanying this document.

    I agree to save the cost of service of a summons and an additional copy of the complaint by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure. I hereby waive service of summons.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the service of summons. I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served within 60 days after ___10/31/14___, (the date Notice, Waiver and corresponding documents were sent or from the date of the filing of the Amended Complaint, whichever is later) .

Date _____    Signature _____
                              Printed name _____
                              As _____ of _____
                                    (Title)           (Entity)

## Address Form

Case Number: 14-CV-3043-DEO  Date: __10/31/14__

To: Clerk of Court
RE: Service on Named Defendants

    Below, please find the known (or likely) addresses for the following persons/entities who have been named as defendants to this action:

Defendant: **ALL DEFENDANTS**

**Fort Dodge Correctional Facility**
**James McKinney, Warden**
**Brad Kinte**
**1550 L. Street**
**Fort Dodge, Iowa 50501**

**Iowa Medical and Classification Center (IMCC)**
**Daniel Craig, Warden**
**Dr. Arnold Anderson**
**2700 Coral Ridge Avenue**
**Coralville, Iowa 52241**

**Iowa Attorney General**
**Thomas J. Miller**
**Hoover State Office Building**
**1305 E. Walnut Street, 2nd Floor**
**Des Moines, Iowa 50319**

**TO: WARDEN/ADMINISTRATOR**
**FORT DODGE CORRECTIONAL FACILITY, FORT DODGE, IOWA**

**NOTICE OF COLLECTION OF FILING FEE**

You are hereby given notice that Azzel Mickey Lee Foster, #6674538, an inmate your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: Azzel Mickey Lee Foster v. Dr. Arnold Anderson and Brad Kinte, 14-CV-3043-DEO. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. §1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $4.02, which the inmate must pay now to the clerk of Court. 28 U.S.C. §1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. §1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. §1915(b)(2), that is, you

should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

<pre>
                              /s/ djs, Deputy Clerk
                              Robert L. Phelps
                              U.S. District Court Clerk
                              Northern District of Iowa
</pre>