# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| AZZEL MICKEY LEE FOSTER,<br><br>    Plaintiff,<br><br>vs.<br><br>DR. ARNOLD ANDERSON and<br>BRADLEY KINTE,<br><br>    Defendants. | No. C14-3043-LTS<br><br>**MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

## I.    INTRODUCTION

Plaintiff Azzel Mickey Lee Foster, previously committed to the care and custody of the Iowa Department of Corrections (DOC), commenced this lawsuit pursuant to 42 U.S.C. § 1983 on July 22, 2014, by filing a pro se motion (Doc. No. 1) for leave to proceed in forma pauperis. After the motion was granted, his pro se complaint (Doc. No. 3) was filed on October 31, 2014.

On the same date, attorney Hannah Vellinga was appointed to represent Foster. She filed an appearance (Doc. No. 4) and an amended complaint (Doc. No. 5) on December 15, 2015. The amended complaint names two defendants, Dr. Arnold Andersen and Bradley Kintigh,[1] and asserts that while Foster was in DOC custody, the defendants were deliberately indifferent to a serious medical need and provided inadequate medical care. Foster seeks compensatory and punitive damages as well as attorney fees and other relief.

---

[1] The case caption for this matter reflects the spellings of the defendants' last names as they appeared in plaintiff's filings. Based on defendants' own filings, however, both spellings are incorrect. While the caption has not been changed, I will use the correct spellings in this order.

The defendants have moved for summary judgment (Doc. No. 14). Foster has not filed a timely resistance. No party has requested oral argument and, in any event, I find that oral argument is not necessary. *See* N.D. Ia. L.R. 7(c). The motion is fully submitted and ready for decision.

## II. UNDISPUTED FACTS

I find the facts set forth below to be undisputed for purposes of defendants' motion for summary judgment:[2]

***The Parties.*** During the events that gave rise to this action, Foster was an inmate at the Fort Dodge Correctional Facility (FDCF) in Fort Dodge, Iowa. Foster has since been released and is no longer in the care and custody of the DOC. Dr. Arnold Andersen is a psychiatrist for the DOC. Bradley Kintigh is a correctional officer at the FDCF.

***Relevant Events.*** Foster began serving a two-year sentence on January 23, 2014. During this sentence, Foster spent time at the FDCF from March 4, 2014, until October 22, 2014. On May 30, 2014, Foster was taken to health services on two separate occasions for complaints of dizziness, headaches and blurred vision. The complaint alleges, among other things, that Kintigh "almost banged [Foster's] knee on the entrance of the doorway" while transporting Foster to health services. During both visits, Foster was attended to by nurse staff.

The FDCF maintains written grievance procedures through which inmates may seek the resolution of complaints and issues. On May 30, 2014, Foster submitted a grievance concerning "poor medical treatment and poor assistance to someone in need of

---

[2] The majority of these facts are deemed undisputed by operation of Local Rule 56(b), which provides that "[t]he failure to respond, with appropriate citations to the appendix, to an individual statement of material fact constitutes an admission of that fact." N.D. Ia. L.R. 56(b). As Foster failed to file a response to the motion, all material facts set forth by defendants are deemed to have been admitted.

2

emergency." Grievance Officer Dawn Fulton responded to the grievance in writing. While the grievance procedures include an appeals process, Foster did not appeal the initial response. Thus, he did not exhaust all available administrative procedures. Additionally, the medical care provided to Foster by nurse staff and Dr. Andersen was timely and met all medical standards.

### III. SUMMARY JUDGMENT STANDARDS

Any party may move for summary judgment regarding all or any part of the claims asserted in a case. Fed. R. Civ. P. 56(a). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A material fact is one that "'might affect the outcome of the suit under the governing law.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "the substantive law will identify which facts are material." *Id*. Facts that are "critical" under the substantive law are material, while facts that are "irrelevant or unnecessary" are not. *Id*.

An issue of material fact is genuine if it has a real basis in the record, *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)), or when "'a reasonable jury could return a verdict for the nonmoving party on the question," *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) (quoting *Anderson*, 477 U.S. at 248). Evidence that only provides "some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586, or evidence that is "merely colorable" or "not significantly probative," *Anderson*, 477 U.S. at 249-50, does not make an issue of material fact genuine.

As such, a genuine issue of material fact requires "sufficient evidence supporting the claimed factual dispute" so as to "require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 248-49. The party moving for entry of summary judgment bears "the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel*, 953 F.2d at 395 (citing *Celotex*, 477 U.S. at 323). Once the moving party has met this burden, the nonmoving party must go beyond the pleadings and by depositions, affidavits, or otherwise, designate specific facts showing that there is a genuine issue for trial. *Mosley v. City of Northwoods,* 415 F.3d 910 (8th Cir. 2005). The nonmovant must show an alleged issue of fact is genuine and material as it relates to the substantive law. If a party fails to make a sufficient showing of an essential element of a claim or defense with respect to which that party has the burden of proof, then the opposing party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322.

In determining if a genuine issue of material fact is present, I must view the evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587-88. Further, I must give the nonmoving party the benefit of all reasonable inferences that can be drawn from the facts. *Id*. However, "because we view the facts in the light most favorable to the nonmoving party, we do not weigh the evidence or attempt to determine the credibility of the witnesses." *Kammueller v. Loomis, Fargo & Co.*, 383 F.3d 779, 784 (8th Cir. 2004). Instead, "the court's function is to determine whether a dispute about a material fact is genuine." *Quick v. Donaldson Co., Inc.*, 90 F.3d 1372, 1376-77 (8th Cir. 1996).

### IV.   ANALYSIS

The amended complaint alleges that defendants denied adequate medical care and were deliberately indifferent to Foster's serious medical need. In moving for summary judgment, defendants argue (a) that they did not violate Foster's Eighth Amendment rights, (b) that his claims are barred by 42 U.S.C. § 1997e(a), (c) that they are entitled to qualified immunity and (d) that the claims against Kintigh are barred by 42 U.S.C. § 1997e(e).

A.  *Foster's Failure to Respond to the Motion*

As noted above, Foster failed – despite being represented by counsel – to resist defendants' motion for summary judgment. Nor did Foster request an extension of the resistance deadline or take any other action concerning the motion. Foster's resistance deadline expired over five months ago, meaning Foster had ample opportunity to respond. Ignoring the motion was poor practice.[3]

Because no response has been filed, defendants' motion may be granted without further notice. *See* N.D. Ia. L.R. 7(f) ("If no timely resistance to a motion is filed, the motion may be granted without notice."); N.D. Ia. L.R. 56(c) ("If no timely resistance to a motion for summary judgment is filed, the motion may be granted without prior notice from the court…."). Nonetheless, I must consider the merits of the motion to determine whether defendants are entitled to judgment as a matter of law. *Maxwell v. Linn County Correctional Center*, 310 Fed. Appx. 49, 49-50 (8th Cir. 2009) (citing *Johnson v. Boyd-Richardson Co.*, 650 F.2d 147, 149 (8th Cir. 1981) (finding a court has the "duty to inquire into the merits of [a summary judgment] motion and to grant or deny it, as the case may be, in accordance with law and the relevant facts" when a party fails

---

[3] If Foster's counsel evaluated the motion and concluded that no good faith basis existed to resist the requested relief, some notice to the court would have been appreciated. *See* N.D. Ia. L.R. 7(f), 56(c).

5

to comply with local rules deadlines); Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion, … grant summary judgment if the motion and supporting materials—including facts considered undisputed—show that the movant is entitled to relief … or … issue any other appropriate order"). As such, I will address the merits of defendants' arguments.

### B. Foster's Deliberate Indifference Claim

#### 1. Applicable Standards

Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's ban on cruel and unusual punishments. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). To prevail on a claim of deliberate indifference, an inmate must show "that (1) the inmate suffered from an objectively serious medical need, and (2) the prison official knew of the need yet deliberately disregarded it." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (citing *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). Under the first requirement, an objectively serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (quoting *Johnson v. Busby*, 953 F.2d 349, 351 (8th Cir. 1991)).

Under the second requirement, an official is deliberately indifferent "if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Young v. Selk*, 508 F.3d 868, 873 (8th Cir. 2007). "Although the level of blameworthiness must rise above negligence, a plaintiff does not have to show that the prison officials acted 'for the very purpose of causing harm or with knowledge that harm w[ould] result.'"

6

*Letterman v. Does*, 789 F.3d 856, 862 (8th Cir. 2015) (quoting *Farmer*, 511 U.S. at 835). Similarly, a claimant's "mere disagreement with treatment decisions does not rise to the level of constitutional violation." *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)). The claim that an officer deliberately disregarded a risk is evaluated "in light of the information he possessed at the time, the practical limitations of his position and alternative courses of action that would have been apparent to an official in that position." *Letterman*, 789 F.3d at 862 (quoting *Gregoire v. Class*, 236 F.3d 413, 419 (8th Cir. 2000)).

   2.   *Analysis*

      a.   *Did Foster have an objectively serious medical need?*

In all claims of deliberate indifference to a serious medical need, the inmate must exhibit a serious medical need that (a) had "been diagnosed by a physician as requiring treatment" or (b) was "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Camberos*, 73 F.3d at 176. As there is no evidence that Foster's medical complaints had previously "been diagnosed by a physician as requiring treatment" while he was incarcerated, the question is whether the injury was "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id*.

Here, Foster's medical needs concern dizziness, headaches and blurred vision. Viewing the evidence in a light most favorable to Foster – as I must – I will assume that he exhibited a serious medical need and move on to the issue of whether the defendants were deliberately indifferent to that need.

      b.   *Were defendants deliberately indifferent?*

7

Foster alleges that Kintigh was deliberately indifferent to his serious medical need by taking ten minutes to respond to his emergency distress call. The defendants contend that Kintigh responded in a timely fashion and was not deliberately indifferent to Foster's medical needs.

At the outset, a claim of deliberate indifference is precluded if the record does not contain any verifying medical evidence that a delay resulted in a detrimental effect. *Coleman*, 114 F.3d at 785 (citing *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997)). Inmates who "alleg[e] a delay in treatment must present verifying medical evidence that the prison officials ignored an acute or escalating situation or that [these] delays adversely affected his prognosis." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (internal quotation marks omitted). Here, the record contains no evidence that the alleged ten-minute delay resulted in a detrimental effect. As a matter of law, then, that delay did not constitute deliberate indifference.

Additionally, Foster alleges that Dr. Andersen was deliberately indifferent by providing inadequate medical care. Specifically, Foster alleges that Dr. Andersen prescribed medication that caused partial blindness. Doc. No. 5 at 2. "Deliberate indifference may be found where 'medical care [is] so inappropriate as to evidence intentional maltreatment.'" *Fourte v. Faulkner County, Ark.*, 746 F.3d 384, 387 (8th Cir. 2014) (citing *Smith v. Jenkins*, 919 F.2d 90, 92 (8th Cir. 1990)). The only evidence in the record concerning Dr. Andersen's care comes from Nurse Jana Hacker, who states by affidavit that Dr. Andersen's care was appropriate, timely and met all medical standards. As the record contains no evidence that Dr. Andersen's care was so inappropriate as to evidence intentional maltreatment, I cannot find deliberate indifference on Dr. Andersen's part. Defendants are entitled to entry of judgment in their favor as a matter of law on the merits of Foster's Eighth Amendment claim.

## C. Administrative Exhaustion

Defendants also argue that Foster failed to exhaust his administrative remedies prior to bringing claims in this court. They note that the Prison Litigation Reform Act (PLRA) requires Foster to utilize the prison grievance and appeals process prior to filing claims in district court. I agree, and find that this is an alternative reason to grant defendants' motion.

"No action shall be brought with respect to prison conditions … by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) (stating that "exhaustion in cases covered by § 1997e(a) is now mandatory"); *Washington v. Uner*, 273 Fed. Appx. 575, 576–77 (8th Cir. 2008) (applying § 1997e(a)). Proper exhaustion of administrative remedies is necessary so that corrections officials are afforded the "'time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (quoting *Porter*, 534 U.S. at 525). While exhaustion is an affirmative defense that a defendant bears the burden of proving, a court may raise the issue of exhaustion sua sponte if it is plain on the face of the complaint that a grievance procedure is unexhausted. *See Jones v. Bock*, 549 U.S. 199, 214–16 (2007) (clarifying that a complaint cannot be dismissed sua sponte for failing to plead and prove exhaustion but failure to exhaust can be a basis for dismissal for failure to state a claim if the allegations in the complaint suffice to establish that ground).

Defendants contend that Foster failed to exhaust his administrative remedies because he did not complete all of the available grievance procedures for his complaint. Specifically, they note that Foster failed to appeal the initial response to his grievance. As Foster makes no argument to the contrary and the record contains no information that Foster exhausted the administrative process, I find that Foster failed, as a matter of law,

to exhaust his administrative remedies. This provides an alternative basis for grating defendants' motion.

## D. *Qualified Immunity*

As another alternative argument, defendants contend that they are entitled to qualified immunity. "Qualified immunity protects a government official from liability in a [section] 1983 claim unless his or her conduct violated a clearly established statutory or constitutional right of which a reasonable person would have known." *Vaughn v. Greene County, Ark.*, 438 F.3d 845, 849 (8th Cir. 2006) (quoting *Pool*, 418 F.3d at 942). "To overcome qualified immunity, plaintiffs must demonstrate both that '(1) there was a deprivation of a constitutional or statutory right, and (2) the right was clearly established at the time of the deprivation.'" *Davis v. County of Gabe, Nebraska*, 807 F.3d 931, 936 (8th Cir. 2015) (quoting *Parker v. Chard*, 777 F.3d 977, 980 (8th Cir. 2015)). Here, I have already determined that Foster failed to establish that any defendant violated his constitutional rights. As such, the qualified immunity doctrine provides yet another basis for granting defendants' motion.[4]

## V. CONCLUSION

For the reasons set forth herein, defendants' motion (Doc. No. 14) for summary judgment (Doc. No. 14) is **granted** with regard to all claims. This action is hereby **dismissed with prejudice**. Judgment shall enter against the plaintiff.

---

[4] Because I have found that the defendants are entitled to summary judgment on all claims, I need not address their argument that any claim for mental or emotional injury is barred by 42 U.S.C. § 1997e(e).

**IT IS SO ORDERED.**

**DATED** this 29th day of February, 2016.

                                                  _____
                                                LEONARD T. STRAND
                                                UNITED STATES DISTRICT JUDGE